UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT COURT OF NEW YORK</u>

TAMMY LADUE,

                        Plaintiff,

-against-                                   **CIVIL COMPLAINT**

                                                                         Civil Case No.:  8:18-CV-0531 (FJS/CFH)

CHARTWELLS EDUCATIONAL
DINING SERVICES (AT PLATTSBURGH UNIVERSITY)
A DIVISION OF COMPASS GROUP USA, INC.,
SUBSIDIARY OF COMPASS GROUP HOLDINGS, INC,
JK LEIGH.

                        Defendants.

---

## JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. Plaintiff, Tammy Ladue, by and through her attorney the Law Office of Patrick Sorsby PLLC, brings this action under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq. for the creation of Hostile Work Environment based on Gender. Plaintiff alleges that Defendant Employer is liable for the conduct of its employee on the basis that it failed to monitor the work place, failed to monitor the work place, failed to have a system for registering complaints, and failed to respond to complaints.  Plaintiff alleges that Defendant Leigh is liable personally under NYSHRL for aid abetting the sexual harasser by failing to adequately investigate

Plaintiffs complaint of Sexual harassment and failing to take adequate remedial measures which prevent and/or eliminate Plaintiff's Hostile work environment.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343. Plaintiff's claims are brought under Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended and 28 U.S.C. § 1331, as well as pendent jurisdiction over plaintiff's state law claims for discriminatory conduct in violation of New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.

## VENUE

3. This action properly lies in the Northern District of New York, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

4. On January 30, 2018, the EEOC issued "right to sue" letters, authorizing plaintiff to commence an action against Defendants within 90 days from receipt of the same. A copy of the right to sue letter is annexed hereto as Exhibit A.

5. This action is commenced within 90 days of plaintiff's receipt of the right to sue letter as the Plaintiff received the January 30, 2018 right to sue letter on February 2, 2018.

## PARTIES

6. The Plaintiff, Tammy Ladue, is a citizen and resident of the United States, State of New York, Dutchess County.

7. Defendants Chartwell's Educational Dining Services at Plattsburgh University (herein after as "Chartwell's or Defendant used interchangeably") is a Division of Compass Group USA, Inc. which is a wholly own subsidiary of Compass Groups Holdings, Inc. JK Leigh

(herein after as Leigh or Defendant Leigh) is a Supervisor at Chartwell's and a Management Representative, Debbie Christianson is the Human Relations Representative at Chartwell's.

## FACTS

8. The plaintiff, a female, was hired at Chartwell's in 2009 and remains employed by Chartwell's as a Prep Cook. During her employment with the Defendant, the Plaintiff maintained a satisfactory work record.

9. Sometime between December 2015 and February 2016, while the Plaintiff was working in the "Dry Room" she was attacked by a co-employee Tim Stone, whereby he grabbed Plaintiff by her buttocks. Plaintiff rejected this by telling Stone to "stop it".

10. The Plaintiff felt physically threated and humiliated by the sexual conduct of Stone as alleged above in paragraph 9.

11. This sexual conduct unreasonably interfered with the Plaintiffs work performance in that interrupted her job performance and put her in fear of coming back to work knowing that this predator was still working.

12. On March 2016, Plaintiff was "punching-in" at the start of the shift when Tim Stone once again grabbed Plaintiff by the Buttocks.

13. The Plaintiff felt physically threated and humiliated by the sexual conduct of Stone as alleged above in paragraph 12.

14. This sexual conduct unreasonably interfered with the Plaintiffs work performance in that she was attempting to start her shift and she was prevented from doing so. Moreover, this was the second time she was touched in this sexually explicit way and her work environment had become permeated with this sexual conduct. Additionally, this interfered

with her job performance in that it put her in continued fear of coming back to work with this clear and present threat that Mr. Stone presented.

15. At the time of the March 2016 incident Plaintiff reported this occurrence of sexual harassment to Defendant Supervisor JK Leigh.

16. Defendant Leigh has an office directly next to the timeclock where this offense took place.

17. While reporting this second incident, Plaintiff also reported the first occurrence which took place a year earlier in the Dry Room.

18. The response by Defendant Liegh to the Plaintiff was that "we don't tolerate this" and that he would take care of it.

19. On April 9, 2016, Plaintiff was at the timeclock punching-out and again, Defendant Stone accosted her from behind. With one hand over her shoulder and around her neck, Stone grabbed her breast and with the other hand, he grabbed her buttocks.

20. The incident and conduct by Defendant Stone on April 9, 2016 was more than merely offensive in that he was restraining Plaintiff in a "bearhug" manner. This behavior was humiliating to the Plaintiff as well as criminal in nature. Plaintiff was in fear for her safety and felt this offense was demeaning.

21. The occurrence on April 9, 2016 was observed by two of Chartwell's employees.

22. The Plaintiff immediately reported the April 9th, 2016 sexual harassment to manager Leigh.

23. Plaintiff was especially alarmed because back in March 2016, Defendant Leigh told her the problem would be taken care of and clearly nothing had been done.

24. On April 16th, 2016 Plaintiff reported the matter to the New York State Police. As a result, a Restraining Order against Stone was issued.

25. On or around late April 2016, Plaintiff was called to the office of HR Representative Debbie Christianson. Ms. Christianson reported to Plaintiff that she could not discuss the issue however, Plaintiff was told that Chartwell's was conducting their own investigation.

26. After Plaintiff first reported occurrences of sexual harassment to Chartwell's Management, Defendant Stone would stare at Plaintiff while both shared adjacent work areas.

27. Plaintiff informed Supervisor Leigh that Defendant Stone was staring at her. Upon notification, Supervisor Leigh minimized the complaint and impact of the uncomfortable circumstance, telling Plaintiff that he was looking at the clock.

28. Upon information and belief, Defendant Chartwell's allegedly has a policy against sexual harassment in place. However, it is clear that the policy is ineffective and/or management/staff have chosen to disregard it.

29. Upon information and belief, as of the date of this Complaint, Defendant Stone is still employed at Chartwell's.

30. That subsequent to reporting the abuse by Stone, Plaintiff was routinely subjected to additional emotional discomfort and stress when Chartwell's arranged for Plaintiff and Stone to work in the same proximity. This set the stage for the lasting effect of the three circumstances and Post Traumatic Stress Disorder which was and is currently experienced by the Plaintiff.

31. The severe and sexual nature of the hostile work environment that the Plaintiff had to endure has result in her suffering PTSD.

**AS FOR THE FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT UNDER TITLE VII & NYSHRL**
**AS AGAINST DEFENDANT CHARTWELLS EDUCATIONAL**
**DINING SERVICES**

32. The allegation in paragraphs "1" through "29" are incorporated herein as if set forth in full.

33. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., forbids employment discrimination on the basis of "race, color, religion, sex, or national origin." See 42 U.S.C. § 2000e-2(a).

34. Hostile work environment is one form gender discrimination and under NYRHL and Title VII require that the plaintiff show that the work place is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment.

35. The Plaintiff, a female, had her buttocks/genital area grabbed by a male co-employee three times in very time span.

36. On the first instance she was grabbed in the buttocks/genital area from behind while alone in the dry room which is a very confined space. The Plaintiff was understandably afraid being alone with a male co-employee who just grabbed her in the most intimate area.

37. On the second incident the Plaintiff was grabbed in the buttocks/genital area again this time with people around at the time clock. The plaint was not only physically threatened with this incident but also physically humiliated because other people were present, and it was out in the open at the time clock.

38. On the third incident the Plaintiff was checking out at the time clock again and this time the harasser not only grabbed her buttocks/genital area but also bear hugged her and reached over her shoulders grabbing her breast. This outrageous illegal sexual contact was deeply physically threating because the Plaintiff was engulfed by the harasser in a hug and was restrained he had his way with her. The conduct was also deeply physically humiliating

because the assault occurred in the presence of co-employees and out in the open at the time clock.

39. As result of these three incidents the Plaintiff perceived that her work environment had become abusive because the conduct was both severe and pervasive.

40. Defendant Chartwell's Dining Services is liable for the sexual harassment perpetrated by Plaintiffs co-worker because it was negligent in controlling her work conditions.

41. Defendant Chartwell's Dining Services was negligent in controlling Plaintiffs work conditions because it failed to monitor the work place, failed to respond to complaints and failed to provide for a system for registering complaints.

42. Plaintiff informed Manager JK Leigh about Mr. Stones first and sexual harassment and he failed to respond these complaints of sexual harassment for had or management done so Plaintiff would not have been sexually harassed the third time.

43. Management knew of Mr. Stones multiple incidents of sexual harassment and they failed to take appropriate steps to ensure that he would not sexually harass the Plaintiff again. This failure caused the plaintiff harm and perpetuated the hostile work environment.

44. That subsequent to reporting the abuse by Stone, Plaintiff was routinely subjected to additional emotional discomfort and stress when Chartwell's arranged for Plaintiff and Stone to work in the same proximity.  This set the stage for the lasting effect of the three circumstances and Post Traumatic Stress Disorder which was and is currently experienced by the Plaintiff.

### AS FOR THE SECOND CAUSE OF ACTION
### AIDING AND ABBETTING A HOSTILE WORK ENVIRONMENT
### AGAINST DEFENDANT JK LEIGH

45. The allegation in paragraphs "32" through "44" are incorporated herein as if set forth in full.

46. After Plaintiff was sexually harassed the second time on March 9th she immediately told Defendant Supervisor JK Leigh about the incident and he said he would take care of it.

47. A month later in April the Plaintiff is sexually harassed/assaulted again and this time in a more severe way.

48. Defendant Leigh ample time to investigate the matter and take remedial action against Mr. Stone including suspension during the investigation, termination, and removing Mr. Stone to some other location.

49. Defendant Leigh never investigated Plaintiffs Complaint of Sexual harassment.

50. Defendant Leigh never took adequate remedial measures to ensure that Plaintiff's hostile work environment would cease.

51. As result of Defendant Liegh's failure to investigate and adequately remediate the plaintiff continued to endure a hostile work environment.

52. Wherefore while Defendant Liegh did not participate in the sexual conduct against the Plaintiff his failure to take adequate remedial measures does rise to the level of actual participation under NYSHRL. See Executive Law Section 296(6). See also <u>Mykytyn v Hannaford Bros. Co.</u>, 141 AD3d 1153, 1154 -1156 (2016).

**WHEREFORE**, plaintiff respectfully requests that this court enter a judgment:

1. Declaring that the acts and practices of the agency as complained of herein are in violation of Title VII of the Civil Rights Act of 1964, NYSHRL, and constitute the basis for awarding back pay with interest, compensatory damages, other lost benefits, and such other further relief as to this Court seems just and proper.

2. Award to the Plaintiff Tammy Ladue compensatory damages in each cause of action in an amount to be proven at trial.

3. Award to the Plaintiff Tammy Ladue exemplary damages in each cause of action in an amount to be proven at trial.

4. Award plaintiff Tammy Ladue the costs, disbursements and attorney's fees for the prosecution of this matter along with such other and further relief as the Court may deem just and proper.

5. Award damages under State and Federal law in such way as to maximize the Plaintiffs possible award. In the Second Circuit various courts at their discretion have awarded all punitive damages under federal law and compensatory damages under state law. Under New York State law there is no cap on compensatory damages in sexual discrimination cases but punitive damages are not recoverable.

DATED:
May 2, 2018

                LAW OFFICE OF PATRICK SORSBY

                By     S/
                Patrick Sorsby
                Bar Roll No.: 517840
                Attorney for Plaintiff
                1568 Central Avenue
                Albany, NY 12205
                Phone: (518) 545-4529
                E-mail: sorsbylaw@gmail.com